**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BAYKEEPER, INC., et al.,

                        Plaintiffs,

          - against -

SHINNECOCK BAYKEEPER, INC., et al.,

                       Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 05-4467 (NGG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

On December 9, 2005 defendants First Coastal Corporation ("First Coastal") and Aram Terchunian ("Terchunian") filed a motion to vacate the Clerk's notation of default for their failure to answer the complaint and for an extension of time to file a response. Docket Entry ("DE") 27; DE 13 (notation of default by First Coastal Corp.); DE 14 (notation of default by Aram Terchunian). On December 1, 2005, the plaintiffs moved for default judgment as to both defendants, which motion is currently pending before the Honorable Nicholas G. Garaufis, United States District Judge. DE 21. In a letter dated December 15, 2005, the plaintiffs set forth their opposition to vacating the notations of default on the ground that the defendants willfully defaulted and that they lack any meritorious defense. DE 30. On December 12, 2005, Judge Garaufis referred the matter to me for a Report and Recommendation as to whether the motion to vacate the notations of default should be granted. DE 29. I now provide that report, and for the reasons set forth below, respectfully recommend that the court grant the defendants' motion and allow them to respond to the complaint within a reasonable time after the court's order.

I.  Background

    A.    The Complaint

Plaintiffs Baykeeper, Inc., Waterkeeper Alliance, Inc., and Peconic Baykeeper, Inc. ("Peconic"), filed a complaint on September 20, 2005 alleging that defendants engaged in unfair competition and infringed their rights to the "Baykeeper" and "Peconic Baykeeper" marks in violation of the Lanham Act and New York trademark law. DE 1 (Complaint); 15 U.S.C. § 1051 *et seq*. Each of the plaintiffs is a not-for-profit environmental organization whose purpose is to advocate on behalf of and protect the "nation's waters." *Id.* ¶ 2. Plaintiffs' allege that the defendants own or are otherwise associated with a restaurant located on the Shinnecock Bay that has proposed a "large-scale marina development" project to which plaintiffs are opposed. *Id.* ¶ 4. They argue that the defendants are infringing their rights to the marks by using them in conjunction with their development activities and by discrediting them through the use of Internet web sites that resemble Peconic's website in both appearance and by the use of the mark in the address line. *Id*. ¶ 5.

First Coastal is an environmental consulting firm headed by Terchunian. *Id*. ¶¶ 14, 17, 41. Of the six named defendants, all of whom initially failed to file an answer, First Coastal and Terchunian are the only two as to whom the Clerk entered a notation of default. The remaining defendants have either answered or have been given permission to file an answer. *See* DE 23-25, Endorsed Order on DE 20. I therefore limit my discussion to the Complaint's allegations regarding First Coastal and Terchunian.

Sometime after March 1, 2004, the plaintiffs became aware that Terchunian was the registered administrator of the domain names in question. In a letter dated October 21, 2004,

they demanded that Terchurian cease using those domain names. *Id*. ¶ 33. Terchurian's counsel responded in a letter dated November 1, 2004, in which he refused to comply with the plaintiffs' demands. *Id.* The plaintiffs further assert that Terchunian, using the name of corporate defendant Shinnecock Baykeeper, Inc., engaged in communications with the United States Fish and Wildlife Service, that caused the latter agency to confuse that defendant with plaintiff Baykeeper, Inc. *Id*. ¶ 42.

B. Procedural History

On September 20, 2005, the plaintiffs served a summons and complaint on defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. DE 1. On October 18, 2005, the plaintiffs filed an executed summons as to both First Coastal and Terchunian. DE 3, DE 4. Two weeks later, with no answer having been filed by either of those defendants, the plaintiffs filed a motion for entry of default against each. DE 10, DE 11. The Clerk entered the notations of default now at issue shortly thereafter. DE 13, DE 14. Within weeks of those actions, on December 9, 2005, First Coastal and Terchunian jointly made the instant motion. DE 27.

C. The Parties' Arguments on the Instant Motion

1. Arguments About Willfulness

The defendants assert that their default was not "willful." DE 27. They argue that while proceeding *pro se* (albeit inappropriately because some of the defendants are corporate entities who may only appear through counsel), they attempted to secure an extension of time to answer from opposing counsel. When the latter proved unsuccessful, they filed (or thought they had filed) a letter seeking an extension from the court. *Id.* For reasons I have not determined, and that are not material to my analysis, that letter did not come to my attention and did not appear on

3

the official docket of this case until it was later included as an attachment to an application made by the defendants on November 17, 2005, seeking an extension of time to file an answer. *See* DE 17. After retaining counsel, the defendants again sought an extension of time to file an answer and were informed on November 17, 2005, that plaintiffs opposed their application. DE 27.

The plaintiffs object that the "[d]efendants offer no reason, excusable or otherwise, for their failure to answer by the response date," from which premise they conclude that the defendants' default was willful. DE 30. They argue that defendants have not met the "good cause" standard and "argue only that the six-week delay in seeking to remedy their default was reasonable." *Id*.

2. Arguments About The Existence Of Viable Defenses

The defendants further contend that they have meritorious defenses to plaintiffs' allegations. DE 27. Specifically, they argue first that First Coastal has "no relationship" with any of the web sites at issue, and likewise claim and that Terchunian's "only connection is that he is listed as the administrator and technical consultant" for those web sites. *Id*. at 5. Second, they argue that several of the claims in this case are similar to those made by plaintiff Waterkeeper Alliance against defendant LRJ Management Corp. in a previous arbitration – and they point out that in that the arbitrator ruled against the plaintiff in that proceeding, concluding that it could not "maintain exclusive rights in the mark reflected in the domain names ... because the term which was used by the plaintiff is a generic term." *Id.* at 4; *see id.*, Attachment 3 (arbitration decision). Third, the defendants note that the Peconic Baykeeper web site contains a "disclosure that it is not the official web site." *Id*. at 6. Finally, the defendants contend that vacating the notations of default and allowing them time to answer will not prejudice the plaintiffs.

4

The plaintiffs dispute First Coastal's contention that it had no relationship with any of the pertinent web sites, arguing that it is their address that Terchunian lists as the contact information for the site administrator. DE 30. The plaintiffs also dispute the defendants' interpretation of the results of the earlier arbitration proceeding and state that Terchunian's role in registering the domain names for the web sites is enough of a connection to the trademarks to warrant his inclusion in this case. *Id.* The plaintiffs make no showing as to how granting the defendants' motion will unfairly prejudice their case.

II.     Discussion

An entry of default may be set aside for "good cause shown." Fed. R. Civ. P. 55(c). As the parties' arguments reflect, the relevant questions in determining good cause are whether the default was willful, whether the defendant has a meritorious defense, and whether the non-defaulting party will be prejudiced if the entry of default is set aside. *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). A court may also consider such equitable factors as whether the failure to follow a rule of procedure was a good-faith mistake and whether the entry of default would produce a harsh result. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citing *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). Because cases should generally be resolved on their merits, *Brien*, 71 F.3d at 1077 (citing *Enron*, 10 F.3d at 95), a default judgment should be a sanction of last resort, and any doubts in assessing the relevant criteria should be resolved in favor of setting aside the default. *Meehan*, 652 F.2d at 277 (citations omitted); *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y. 1982) (citations omitted).

Willfulness is subjective; conduct that is merely careless or negligent, such as a filing error, is not willful. *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). On the other hand, strategic decisions to default, unexplained failure to respond to a summary judgment motion, or "flimsy" reasons given for failure to comply with scheduling orders have been found to be willful. *Id.* at 60-61 (citing cases); *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing cases). On the current record, I cannot find that the defendants' default was willful. Indeed, the record suggests that the defendants, made several attempts to secure an extension of time to respond, and that their failure to secure such relief is largely attributable to their lack of counsel.

I also cannot determine on this record that defendants are unable to mount a meritorious defense. The defendants' burden is not met simply by asserting a conclusory denial of the allegations against it, *see Enron*, 10 F.3d at 98 (citation omitted); but neither are the defendants required to meet any burden of persuasion on the merits of their contemplated defense theories. Rather, they need only "'give the factfinder some determination to make.'" *American Alliance*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). For example, qualified immunity is a meritorious defense. *Gonzalez v. City of New York*, 104 F. Supp.2d 193, 197 (S.D.N.Y. 2000). Cancellation of an insurance policy, thereby relieving a carrier from any obligations thereunder, is another. *American Alliance*, 92 F.3d at 61. Viewed against this standard, defendants have presented meritorious defenses: namely, that the plaintiffs have sued the wrong defendants and that the plaintiffs may be barred from bringing this claim as a result of a previous proceeding. Whether

these defenses will prevail is not a matter that the court must determine to rule on the instant motion.

Finally, the plaintiffs have suffered no cognizable prejudice. Arguments such as "having to try a case on the merits" and "delaying a plaintiff's recovery" are not examples of prejudice that will preclude relief from default. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2699 (3d ed. 1998) ("*Federal Practice*"). Nor can delay alone establish prejudice. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted). Rather, to be prejudicial the cited delay must result in "loss of evidence ... increased difficulties of discovery, or ... greater opportunity for fraud or collusion." *Id.* (citing *Federal Practice* § 2699). The record gives me no reason to conclude that the plaintiffs will suffer any such prejudice.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the defendants' motion to vacate the Clerk's notations of default. I further recommend that the defendants be granted ten days from the time of any order adopting these recommendations to file an answer or otherwise respond to the complaint.

IV.     Objections

A copy of this Report and Recommendation will be filed on the Court's ECF system. Any objection to this Report and Recommendation must be filed within ten days pursuant to Rule 72 of the Federal Rules of Civil Procedure. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated:  Central Islip, New York
        January 18, 2005

                                                /s/ James Orenstein
                                                JAMES ORENSTEIN
                                                U.S. Magistrate Judge